IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nadine C. Jones, ) | |
| ) | C/A No.: 8:06-2765-JFA-BHH |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Nadine C. Jones, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed under sentence four of 42 U.S.C. § 405(g); and remanded to the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Commissioner for further proceedings. In the Report and Recommendation, the Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence as stated by the plaintiff. This court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation. The plaintiff did not file objections within the time limits prescribed by the local rules of this district. However, the Commissioner filed a notice stating that he would not file objections to the Report. Thus, it appears the matter is ripe for review by this court.

I.    BACKGROUND AND PROCEDURAL HISTORY

The plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on July 15, 1997, October 13, 1998, and April 26, 1999, alleging inability to work since July 7, 1997 and April 30, 2000 due to surgical removal of her left eye, depression, hypertension, asthma, headaches, and a heart murmur. She was 42 years old at the time of the last hearing before the Administrative Law Judge ("ALJ"). She has at least a tenth grade high school education and has worked in the past as a grounds keeper/park worker, fast-food cook, chicken breader, nursing assistant, and janitor.

The plaintiff's applications for DIB and SSI were denied initially and upon reconsideration. She was granted a hearing before an ALJ who concluded that plaintiff was not disabled because she could perform her past relevant work as a janitor and grounds keeper/park worker. The Appeals Council adopted the ALJ's decision of March 8, 2006

denying benefits, making it the Commissioner's final decision.

II.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there

3

is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."

Vitek, 438 F.2d at 1157-58.

III.   DISCUSSION

    A.   *The ALJ's Findings*

In his decision of March 8, 2006, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2003.

2. The claimant has not engaged in substantial gainful activity since her alleged onset date.

3. The medical evidence establishes that the claimant has major depression, hypertension, asthma, and personality disorder, which are "severe" impairments, as defined in the regulations, but that she does not have an impairment or combination of impairments that meet or equal the criteria set forth in the Listing of Impairments.

4. The claimant has medical impairments that could reasonably cause some of her subjective symptoms. However, the claimant's subjective allegations are not supported by the evidence and are not fully credible.

5. The claimant has the residual functional capacity to lift and/or carry (including upward pulling) 50 pounds occasionally and 25 pounds frequently; stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; push and/or pull (including operation of hand and/or foot controls) with no limitations except as shown for lift and/or carry. She should avoid concentrated exposure to extreme heat and cold. Due to depression, with some affective instability, the claimant may have difficulty sustaining her concentration and pace on complex tasks and detailed instructions. However, she should be able to attend to and perform simple tasks for 2+ hours without special supervision. She can attend work regularly, but may miss an occasional day due to her mental condition, and would function better in a slower-paced, lower stress work environment, with positive supervision. She can related appropriately to supervisors and co-workers, however, may

>function better in a job that does not require her to work closely with the general public. She can make simple work-related decisions and occupational adjustments, adhere to basic standards for hygiene and behavior, protect herself from normal workplace safety hazards, and use public transportation.

6. The claimant's past relevant work as a grounds keeper/park worker and janitor do not require the performance of work-related activities precluded by the above limitations.

7. The claimant's impairments do not prevent the claimant from performing her past relevant work as a grounds keeper/park worker or janitor.

8. The claimant was not under a "disability" as defined in the Social Security Act and regulations, at any time through the date of this decision.

B. *Arguments of the Plaintiff and Commissioner; and the Magistrate Judge's Recommendations*

The plaintiff contends that the ALJ erred in: (1) failing to consider the combined effects of the plaintiff's impairments; (2) finding that the plaintiff could return to her past relevant work; (3) failing to include all of the plaintiff's limitations in his hypothetical to the Vocational Expert ("VE"); and (4) failing to fully develop the record.

Specifically, the plaintiff first contends that the ALJ erred in not considering the combined effect of all of her impairments and failed to identify the plaintiff's missing left eye as a severe impairment. Because the plaintiff did not put forward evidence of limitations related to her hypertension, the Magistrate Judge reviewed only the additional limitations associated with the plaintiff's asthma and heart impairments.

The Magistrate Judge suggests that the ALJ did definitively consider the combined effect of those impairments that he found to be supported by the evidence. As to plaintiff's

5

asthma impairment, the Magistrate Judge notes that the ALJ considered the combined effects of all the impairments and had substantial evidence to reject exposure to fumes, dust, etc. as a relevant limitation. The ALJ addressed the cardiac impairments when he limited plaintiff's exposure to heat and cold.

As to the plaintiff's assertion that the ALJ improperly discounted the severity of her missing left eye, the Magistrate Judge suggests that the ALJ did not provide an explanation of why her testimony was discounted and why the missing eye was not considered a severe impairment. The ALJ made a general credibility determination as to the plaintiff's hearing testimony and the evidence concerning her subjective complaints of pain and functional limitations. The ALJ found that the plaintiff's allegations regarding her mobility and ambulation were not consistent with the medical evidence which, according to the ALJ, were denied by the plaintiff.

As the Magistrate Judge notes, the record does not reflect that the plaintiff denied problems with mobility. The Magistrate Judge further suggests that the ALJ should discuss whether the loss of an eye could reasonably be expected to produce the kinds of mobility limitations the plaintiff describes, and if he determines that the visual impairment is severe and credible, then the ALJ should repose a hypothetical to the VE reflecting such impairment. This court agrees and remands such issues to the Commissioner.

The plaintiff's second allegation of error is that the ALJ erred in accepting the VE's testimony that the plaintiff could perform her past relevant work as a ground keeper/park

6

worker or a janitor. The plaintiff contends, and the Commissioner concedes, that the position as a ground keeper was not substantial gainful activity because it was through a work program and she earned no income.

The defendant also concedes that the VE erroneously concluded plaintiff could perform her past relevant work as a janitor when the ALJ expressly limited her to medium exertional work. The Magistrate Judge notes that there are discrepancies in the wok history reports relied on by the defendants as to what exertional level the plaintiff performed her janitorial job. The undersigned agrees that this issue should be remanded to the Commissioner for the ALJ to consider whether the plaintiff actually performed her past relevant work as a janitor at either the medium or heavy exertional levels.

As to the plaintiff's contention that the ALJ erred in using the VE at step four of the sequential evaluation process, the Magistrate Judge concludes that the ALJ committed no error, and the undersigned agrees.

Finally, the Magistrate Judge suggests that the plaintiff's argument that the ALJ erred in not requesting medical opinions from various sources is without merit. This court agrees with the Magistrate Judge that there existed substantial evidence in the record for the ALJ to conclude that he had an adequate and developed record, thus, the ALJ did not err in not requesting additional medical records.

IV. CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from

the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate Judge's Report.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 28, 2008
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge